UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMANDEEP SINGH,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY et al.,<br><br>    Respondents. | No. 1:26-cv-00606-DAD-SCR<br><br>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 9) |

On January 23, 2026, petitioner filed a petition for writ of *habeas corpus*. (Doc. No. 1.) on January 29, 2026, petitioner filed a motion for temporary restraining order. (Doc. No. 9.) On January 30, 2026, the court issued an order directing respondents to "substantively address whether any provision of law or fact in this case would distinguish it from this court's decision in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), and other similar cases previously decided by this court, or otherwise indicate that the matter is not substantively distinguishable." (Doc. No. 10.)

On February 2, 2026, respondents filed their opposition. (Doc. No. 13.) They argue therein that because petitioner entered the United States illegally and was subsequently placed into removal proceedings, petitioner is an "applicant for admission" who is mandatorily detained

1

under 8 U.S.C. § 1225(b)(2). (*Id.* at 1.) Respondents concede, however, that *Cajina* "does not appear distinguishable in law or fact from this case." (*Id.* at 2.) Respondents also appear to submit on their briefing in opposition to the petition for *habeas corpus*. (*Id.* at 1.)

Petitioner is a citizen of India who entered the United States on or about July 21, 2024 without inspection. (Doc. No. 1 at ¶¶ 55, 57.) Respondents subsequently initiated removal proceedings against petitioner pursuant to 8 U.S.C. § 1229a and issued him a notice to appear. (*Id.* at ¶¶ 58–59.) Petitioner applied for asylum and resided in Fresno, California until he was re-detained by immigration authorities in November 2025. (*Id.* at ¶¶ 21.) He further contends that he has no criminal history and "has timely and consistently" appeared for all hearings before the immigration court. (*Id.* at ¶¶ 62, 67.) There is no indication that petitioner was provided prior notice or an explanation for his re-detention in November 2025.

Because respondents have indicated that this case is neither legally nor factually distinguishable from the court's prior order in *Cajina*, the court adopts the reasoning set forth therein and concludes that petitioner's re-detention violates due process.

For the reasons outlined above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

    a. Respondents are ORDERED to immediately release petitioner from respondents' custody under the same conditions he was subject to prior to his re-detention in November 2025;

    b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any reason, absent exigent circumstances, without prior written notice and a hearing before an immigration judge where respondents will bear the burden of establishing that petitioner presents a flight risk or danger to the community;

    c. Petitioner's request for attorneys' fees and costs pursuant to 28 U.S.C. § 2412 is DENIED without prejudice to renewal on a properly noticed and supported motion seeking such fees and costs.

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order;

3. The Clerk of the Court is directed to ENTER judgment in favor of petitioner; and

4. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:  **February 3, 2026**                         *Dale A. Drozd*
                                                    DALE A. DROZD
                                                    UNITED STATES DISTRICT JUDGE